We have five cases on the docket today for oral argument. We will likely take a break either after the second or the third case. We're going to begin with cause number 16-20481 United States of America v. Troy Ray Traweek. Appellant, ready to proceed? Yes, Your Honor. All right. Appellee, you ready? Yes, Your Honor. All right. You may proceed. May it please this Honorable Court and distinguished counsel, Your Honor, this case involves some First Amendment issues and statutory interpretation issues, but the key factual findings made by the trial court during the bench trial were that the surreptitious videos made by Mr. Traweek were not lascivious and were therefore not illegal. It was only the cropping of still to be not illegal videos that the court then used to find Mr. Traweek guilty of counts 1, 2, and 3. We believe those findings are in error for a number of reasons, primarily because the minors were not the elements required by the 2251 statute. Your client pled guilty to one count? To possession of different. And then did you motion to dismiss at all below, or is the only objection that was made a Rule 29 objection? This is a bench trial, right? It was a Rule 29 objection, yes, Your Honor. Okay. So at that moment, did you allege anything to do with First Amendment disallowed a conviction, or was it purely an insufficiency of the evidence accepting the pattern instruction elements? Well, we argued United States v. Williams in our Rule 29 motion to acquit. So your argument was a legal one, or was your argument there was insufficient evidence under the existing pattern elements? I think it was both, Your Honor. The way we argued it to the court was that the elements of the offense weren't met. The elements weren't met. And so just focusing on that, which of the pattern instruction elements wasn't met? That the minors were not engaging in sexually explicit conduct. Okay. And that first clause, which has bedeviled courts, has really, in my mind, two subcomponents. One is the engagement verb, and the second is sexually explicit conduct. Are you saying there wasn't – these photos didn't depict sexually explicit conduct, which gets us into the lasciviousness? Or are you saying these minors weren't used to engage in what could have been sexually explicit conduct? Which is it? It's both. Okay. Which is your primary argument, based on case law? The court found that the minors were engaging in toileting activities. And if you look at the videos, they're just getting on and off the toilet, in and out. But here it wasn't videos that Judge Ellison looked at. These were freeze-framed that he went through painstakingly. Correct. That's what he found to constitute child pornography because – Okay. So I'm going to ask you again. Are you claiming that the law requires that a defendant engage a minor, engage affirmative conduct by them in sexually explicit activity? Or are you claiming whether or not the law requires that these photos didn't depict sexually explicit conduct? Which is it? And if you're saying it's both, which is your better argument for reversal? Well, Your Honor, the minors in the videos that were taken were obviously not engaging – Okay. So then it's – the answer is you think the law requires that the defendant use them in an affirmative way, is that they weren't engaged because they didn't take affirmative action themselves sexually? The definition of child pornography, Your Honor, in 2256a requires that the production of such visual depiction of sexually explicit conduct, which is the lascivious exhibition of the generals, the production of such a visual depiction involved the use of a minor engaged – I know. The conduct. Okay. So how do you then distinguish our Steen decision and the McCall decision? I think Steen, the majority, and the concurring with Judge Hagenbotham both said that engagement could contemplate a minor that's completely ignorant of what's going on. So if you think engagement means more, aren't we bound by those cases? I think it could, Your Honor, if the minor, for example, as was I think mentioned in Steen, and it might have been in Grimes, the minor was asleep or was being posed. So the girl's sitting on a toilet, the girl's asleep. In both cases, they're not engaging in anything. At that point, my thought is what you really argued to Judge Ellison and what most of these cases get involved in is whether the photos then in turn depict, in particular, the exhibition of genitals and pubic areas. And that just comes down to, well, you have to look at this deviant photography and decide is it lascivious, and we get tangled up by what lascivious refers to. Well, you have to make a determination of lasciviousness, Your Honor. But before you do that, I think there has to be a finding that the minor was used – there was use of the minor engaged in sexually explicit behavior. What's the difference between a girl sitting on a toilet and a girl asleep? They're both being used similarly. They're being used to take the photo. Well, I think the problem is, Your Honor, is what the court in Ferber, the Supreme Court in Ferber and then in Ashcroft talked about, which is the reason child pornography is exempted from the First Amendment is because it involves sexual abuse of children. And what was the Ferber statute, which is pretty much mirrored in the Federal 2251 and 2256-8A, what was found to be sexual abuse of children? It's them engaging in those sexual acts. That's why Ferber and Ashcroft, the free speech coalition, exempted those videos from the First Amendment, those types of productions of actual photographing of actual child sexual abuse. That's not what happened in this case. There was no sexual abuse in these children engaging in ordinary toileting activities. And that's what Judge Ellison found, that the videos of their actual – But, counsel, what you did, that's fine insofar as the video is concerned, and you went on that for that reason. However, what you did is you did the snaps, you stopped the video, and you cropped particular poses and to put them effectively into sexual inferring poses itself. Why isn't that plainly a lascivious exhibition of the genitals, the pubic area? Well, it might be a lascivious exhibition when you crop those images, Judge, but it doesn't change the conduct of the minors, which have never been engaged in sexual activity. I understand that, but I want to be sure that we're on the same wavelength. You rest on the assertion that you cannot violate this statute if the actual victim, if you will, the person that's being depicted is unaware of what's going on? No, I think it doesn't have to do with just them being aware, Your Honor. I think if they were engaging in sexual conduct, such as intercourse, bestiality. Well, the lascivious exhibition of the genitals is a depiction of those. What you're implying is that this child had in some way been, in fact, engaged in some kind of conduct or being forced to do so, whatever. You could not have simply taken – go out and taken pictures of a female in a shower or whatever and then taken those pictures and manipulated them so that they would have created a sexual innuendo and be a lascivious exhibition of the genitals. I think the problem is the statute, the way it was written by Congress. Well, what language says that? It would be 2256-8A, Your Honor, the definition of child pornography, which is that the production of such visual depiction of sexually explicit conduct involves the use of a minor engaged in sexually explicit conduct, which is the lascivious exhibition. Well, what about the or where it says such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct? Isn't that what happened here? You took images from a video, made still photographs, and cropped them so that you had depictions of pubic and genital area. Isn't that what we're talking about here? No, Your Honor. I think because Ferber was specifically tied that the reason we take child pornography outside the protection of the First Amendment is because it involves the sexual abuse of children. There might have been an invasion of privacy in this case, but the Supreme Court has never said that merely the invasion of privacy, at least in the child pornography context, has not said that is sufficient to take it outside of the protections of the First Amendment. They may do so at some point in the future. They haven't done it to date. And I think Ashcroft v. Free Speech Coalition was where there were simulated images of children were made illegal by Congress. And in that case, the Supreme Court— That's 8B. I'm sorry, Your Honor. That's the carve-out of 8B. That's the carve-out of 8B when the Congress responded to the problem of digitally created images. And that's 8B. 8B. The point is these are real photos. So, for example, what's the difference between the photo your client pled to as child pornography and the photo 5.2.3 that was the basis Judge Ellison found? Those were different pictures, Your Honor. But neither are simulated. They're all real girls. They're real girls. And you're saying one is within Ferber and one is outside Ferber because what? Because when you're posing minors to lasciviously exhibit their genitals, that's a form of sexual abuse, just as if you were filming minors engaging in a force— He positions the camera to pose at an acute angle into her pubic area. Why isn't that posing? Well, Your Honor, I think if you look at the way the statutes define use of a minor engaged in conduct— Right. You keep referring to the verb that exists there, which contemplates actus reus, but we've got a lot of case law. Now, when I trace it back, the Carroll decisions almost 20 years ago are wrestling with the argument you're making, but we've got intervening case law that's published in Binding that's pretty explicit that the minor can be completely unwitting. That equals engagement. We look at the photos. We apply the DOST factors. One of the factors may be controversial. There may have been discussion about that, what's in the mind of the producer or the recipient, but pretty much that's irrelevant that I see. It's did the man make a photo of focused in on the genital area? If so, we've said that that equals the elements. Well, I don't think in those cases the court has cited the argument was made that I've made in my case. And I think I specifically—a lot of those cases were sentencing cases or— But Steen wasn't. Steen was not. And we reversed a conviction, right? Correct. Which is exactly the relief you're asking for. That's correct. So does Steen help you or not? Steen absolutely, I believe, helps me. And yet in footnote 14 we said that the child does not have to be aware. I think if the child is engaged in sexual conduct and isn't aware that they're being filmed, I think that's correct, Your Honor, but the problem is here the court— And what was the sexual conduct of the child in Steen? Well, there wasn't sexual conduct because the child was just nude— Tanning. In a tanning salon, which is similar to here. They're nude in a bathroom, but they're not engaging in sexual conduct. Well, it was a teenage girl in a tanning booth, and they put a camera over the top and filmed—just took film of that. Right. Yes, Your Honor. And there was— I thought our court emphasized that the video virtually just passed across in a blur the pubic area there, whereas here the defendant angled the camera to get a still frame cropped of just the pubic area. Well, the problem is Judge Ellison, in ruling on the videos, found that those videos were not lascivious because they were just toilet paper. That's why the videos don't help you, and that's why you won on the videos. You didn't have the posing, the posturing. But when you took those videos, they were cropped and made into pornography within the meaning of the statute because they are selected to depict the genitals, et cetera. I think the problem we have with that argument, Your Honor, is that the minors—their conduct was filmed in the videos. You're insisting. I understand your argument, but my colleague, I think, accurately describes the case law on this. Well, I think— It doesn't matter. You could create child pornography without the person being aware of it simply by taking the pictures and then manipulating them to create sexual poses or whatever. I think that runs into grave First Amendment— It does. Anyway, I won't say more than that. I think that runs into grave First Amendment concerns, Your Honor, because of what the court focused on in Ferber in an Ashcroft and Free Speech coalition, that it's the sexual abuse of children that takes— You don't think it's abuse of a child to do what this man did? It might be abuse of their privacy interests, Your Honor, but it wasn't sexual abuse. And I think if you look at— prohibited child pornography. I mean, how do you get to child pornography from the data? If the child is engaging in sexual conduct, Your Honor, I absolutely don't have a problem with that, and that sexual conduct is defined in the statute. I understand. Intercourse, bestiality, masturbation, and the lascivious exhibition of their genitals. I think that is what's considered to be child pornography is when you're filming children engaging in sexual acts. Here, the children were—as distasteful as this is, the children were engaging in toileting activities. That's what Judge Ellison found. And later, editing or cropping those images I don't think converts their conduct, which was not sexual conduct, into sexual conduct. All right. Thank you, counsel. Your time has expired. Ali? May it please the Court. Opposing counsel. My name is Kimberly Bolger-Leo, and I'm here on behalf of the United States. The evidence in this case was sufficient to support the defendant's convictions for the sexual exploitation of children in Count 1 and Count 2, as well as the distribution of child pornography in Count 3. The district court properly found that the five images, 5-2.3, 5-2.4, 5-2.10, 5-2.11, and 5-2.12, were in fact child pornography. Under the pertinent parts of the statute, Title 18, United States Code Section 2251A and E, a person who uses any minor to engage in any sexually explicit conduct for producing any visual depiction of such conduct, if such person has reason to know that such visual depiction will be transmitted in or affecting interstate or foreign commerce. In regards to this case, we have the defendant who used a child. He used both BF, the 6-year-old, as well as SJ, the 8-year-old. And as the court has held in Steen as well as in Grimes, an individual uses a child if he photographs a child or if he videotapes a child. The question then turns on whether or not those five images are sexually explicit conduct. The district court found it to be, and the government's position is that it is. In regards to the sexually explicit conduct under Title 18, United States Code Section 2256, in the context of these particular images, they fall into the last category, which deals with the lascivious exhibition of the genitals or pubic area. 2256 does not define what lascivious exhibition of the genitals or pubic area is. However, the court will look at its ordinary meaning, which is a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children in order to excite blissfulness or sexual. A couple questions. Yes, Your Honor. What's the government's limiting principle here? And specifically, let's say a doctor were examining a young woman for a rash in her genital area, and they took a photo. Would the government's — what aspect of the pattern instruction or your argument would mean that that wouldn't be a felony offense? Your Honor, I think looking at the definition as well as looking at the six factors laid out in DOST, it would not constitute child pornography specifically in regards to that last factor that DOST talks about. But that's the exact factor that was emphasized by — you weren't — you didn't argue the Rule 29 motion, did you? No, Your Honor, I did not. That's what the government here focused on before Judge Ellison, and that's the factor that we criticized in Steen, at least in the concurrence. Do you agree? Yes, Your Honor. So when the district court here, Rule 29 argument, asked the prosecutor, so it all comes down to the question of how he cropped the photo, and the government answers yes and says, well, look, he was going to trade these to someone in Australia, he wanted to have intercourse with the child, the recipients aroused, the producers aroused, that's all the final factor, right? Yes, Your Honor. Okay, but where in this statute does it say that guilt turns on the state of mind of the producer? Your Honor, I think that looking at the context in general, not just — I know, but I'm asking you what word, any word in the crime statute talks about the state of mind of the producer? Your Honor, it doesn't talk about the state of mind of the — And then we said in the concurrence in Steen, that would mean if it did, you could have a child dressed in a sort of a fur coat, and that could arouse somebody, and under the government's theory, that could mean that person's guilty of producing child pornography? Your Honor, in that particular scenario with the winter coat, there would be no lascivious exhibition of the genitals. What we have in these particular images is the lascivious exhibition. Okay, so if we have a doctor photographing the genitals, it all depends on what the state of mind of the doctor was? No, Your Honor, I believe it depends on all the different factors, and I think that looking at the context of how that image was produced contextually would go to assess whether or not — But again, where does the statutory — it's just — it's a statute that's got difficult subject-predicate alignment. Yes, Your Honor. Right? And so let me phrase this as a question. You're familiar with the Carroll decisions? Yes. Okay. If I'm not mistaken, our court decided to not pursue en banc because the government conceded that Judge Garwood's position was right, that it requires engagement of the child in sexual activity. Does the government today still agree with that government position? Your Honor, it's a little bit different. Okay. Because in the Carroll case, it was another child's face that was cropped onto the naked image, so it wasn't that particular child exhibiting any sort of — That's true. It wasn't the exhibition of that child. But does the government take the position here that the children have to be used to themselves engage? No. No. The child does not need to be used to engage, and I believe that the court has found previously in the McCall case — If we reiterate that, and we're bound by that law, does that deepen a split, create a split? Do any other courts, highest state courts or federal courts, require the engagement of the child? Your Honor, I don't believe that the other courts require an actual engagement because if the child needed to be engaged in some sort of sex act, if there was some sort of affirmative sex act, then it would basically eviscerate that last prong, which is the lascivious exhibition of the genitals, which I don't believe the statute would call for because right now the statute does allow for the lascivious exhibition of the genitals. And if the court were to — And that's the conduct the child was lasciviously exhibiting? No. I'm sorry, Your Honor. It's the depiction. Yes. It's what the producer did to that image. It's the image doing the action, not the child doing the action. We said that in McCall. Yes, Your Honor. And you think there's consensus of courts? Yes, Your Honor. I do believe that. You sound exceedingly prepared. Have you quick-sighted Steen? Because that's their best case. Yes. There are some courts that have negatively discussed Steen. The one that I found most recently was the Tennessee Supreme Court in a case called Whitehead. And they seem to be very troubled by the notion that the child is engaging in anything or the child is doing any conduct when the child is just going to the bathroom. Your Honor, I apologize. I'm not familiar with that. Yeah, but just — you understand the concept. And your position is we've already decided this. Yes, Your Honor. And therefore, I don't believe — I believe that the images that Judge Ellison found to be — What are we reviewing for? Clear error? Or is there a de novo First Amendment issue lurking in this case? I believe it's the clear error in regards to Judge Ellison's findings that these images were, in fact, child pornography. And, Your Honor, looking at the DOS factor specifically with these images, 5.23, 5.24, 5-2.10, 5-2.11, and 5-2.12, the court went through the different factors under DOS and basically explained that the focal point of those pictures were, in fact, the genitals. And that takes it apart. That's the first DOS factor. That is the first. No one's criticizing that. Do you need the fifth DOS factor here? The fifth DOS factor, the sexual acquaintance? The fact that he was emailing simultaneously to people saying this is what — Do you need the more difficult court gloss about the intention of recipient or producer? No, Your Honor. I don't believe you do, but I believe in this case you have it. And just as the court found in regards to the Steen by looking at the context of it all that Steen was found to be just a boy — was just into a boyism as opposed to being a sexual predator or a producer, here looking at the context of everything, it shows that Mr. Trawick was definitely engaging in conduct and that he was doing that for the purposes of creating these visual depictions, which then he would use to trade with others. And looking at it contextually in the terms of child pornography, you get more if you give. And he was actually actively trading with Mark Trader as well as the Undercover to the point where he wanted these images, and that's why he created them using the videotapes where he positioned the cameras in order to get the minor children when they were engaging in normal bathroom activities. I think what scholarly concern is, let's say parents are innocently photographing their children in little outdoor pools in the backyard, and they're naked, and the photo happens to zoom in on the naked pubic area. Is that creating child pornography? But no, right? No, Your Honor. But it suddenly becomes child pornography if that gets transmitted? The later action of use of it somehow? I think it can turn on that if the later action is brought about in order to gain something from it. So, for example, in that what you're bringing up is if it was an innocent picture taken by an individual who then later gives it to someone else, and that person has a sexual interest in children. You're not using a minor in that context. Those pictures are not using a minor to do that. That is correct, Your Honor. As I read the statute. The other thing is what the defendant did with the videotape was he actually took the exact moments when the child was getting off of the toilet and zoomed in and cropped the genitals. So the focal point is on the genitals, and that's what the viewer would look at. Yes, he didn't actually physically touch a child, but by taking and zooming and manipulating the video to create those still images, he was, in fact, using that child, and he was, in fact, virtually touching that child to get what he had wanted. So I believe that looking at the images, looking at DOST, it does rise to the level of child pornography, and I believe that Judge Ellison correctly decided that these images were, in fact, child pornography. I think that as far as the First Amendment issue in regards to this case, I don't, as the court has held, the First Amendment does not protect child pornography, and if this court finds that Judge Ellison was correct in finding that those images below were, in fact, child pornography, they would not be protected. And it's the government's position that they are child pornography and that they are not protected under the First Amendment. If, in fact, the defendant's right here that these were not, in fact, prohibited by the statute, but then that would mean that he committed no offense by putting them in interstate commerce. And so when those pictures go out and into these banks and are sold around the world to people who buy this child pornography, that would be perfectly all right. In other words, you could create and fill the banks of these supplies of this international market for child pornography by taking the position that the child was in it. They didn't know. It depends on how you read the statute used, doesn't it? Your Honor, I don't believe the child needs to know whatsoever that they are being filmed or their images are being cropped or modified. I believe the fact that the child is being used in and of itself to create these images is enough that make them child pornography. Well, what I'm saying to you, what I'm suggesting to you is a friendly question, that if you're going to require that the child that, in fact, engage in sexual conduct, engage in these things, and not focus on if you stop there, then you've got a huge hole in the statute. Maybe that's a cake. If it's in there, it's in there. But as long as you can get a lot of pictures by hidden cameras and then take them and crop them and move them around so as to create the same thing as if you had someone with a willing participant in a physical sense using them. Yes, Your Honor. It would be similar if you were to take these recordings. So you argue that using a minor encompasses a minor can be used even though they're innocent of what's going on. Yes, Your Honor. The minor can be used even if they don't know and they're unaware, and I believe that was what came out in Steen and then cited in the McCall case. And furthermore, in regard to this particular case, and I believe, Judge Higginson, you brought it up earlier, as far as the difference between one of those images that Judge Ellison found to be the production of child pornography and another image that the defendant pled to or which was found in his collection, it's very similar. So as the Court just mentioned, you can have individuals who have known child pornography images out there and defendants such as Mr. Trawick going and producing these images to mirror and look exactly like the ones that are of known children. So I think what you just basically said, Your Honor. And because of that and because of the reasons stated, it's the government's position that the images, in fact. I have a hard time defending those DOS factors as being any more than the judicial efforts to supply what's missing in the statute. Some of those go pretty far, particularly the last section, which focuses on the question of whether or not this rouses people sexually. And the government persists in using those. I wrote separately to put that out several years ago that that's a grave concern. You can't index the liability here based on what is sexually arousing to some individual. In one blunt sense, it's a kinky world out there. What sexually arouses some people would be astonishing to most of the people that walk around. So the statute is not admissible. And I don't frankly understand how the government defends the usage of that factor. There are First Amendment concerns that lay through here because you can't back into it. But that's the difficulty we have with it. And, Your Honor, if the court were to, I think even in this particular case, if the court were just to look as some other circuits have in just the four corners of the photograph, I think the fact that the focal point is of the genitals, there's no other reason for pictures something like this. I do believe on its face, just looking at it, even aside from that sixth factor as to whether or not it has to be the intent of the viewer or the producer, I still believe that under this particular case it would qualify as child pornography. The other thing is in regard to the difference between just taking a picture of the beach or whatever and using that and then actually taking a child and posing the child and taking the picture. That's a big jump from there to there, right? Your Honor, I think that what happened in this particular case, by the fact that the defendant cropped and zoomed in and he positioned the camera initially, even though he may not have physically moved that child on the beach as endorsed, he virtually touched and positioned that child in order to create these visual depictions. Courts are struggling with it, right? One, it starts with the statutory language and the verb, who they refer to, what's the scienter? But the other is just the fact that the sentencing guidelines put people in jail so, so long for these manufacturing distribution. So we're all wondering what's the limiting principle so that the government can't say, well, this photo that was more innocent, you're looking at a 200-month sentence. And interestingly, I think, I'll turn this into a question. When you look at our pattern instructions, it tells the jury, there wasn't one here, be cautioned that not every exposure of genitals constitutes a lascivious exhibition. Therefore, look at the content, the focal point, the setting, the place or pose. But then at the very end it says, or whether the depiction is designed to elicit a sexual response in the viewer. And all of a sudden, that imports the state of mind of the producer or the viewer, which becomes easy to prosecute a lot of people. Oh, well, you were aroused by this photo, however innocent it looks. So you're looking at 200 months in jail. So, and your answer is, that isn't this case. But what's happening a lot is the government at the very end can say, well, was anybody aroused by this? And did they send an e-mail saying, boy, I'd like to do this now? At which point, that equals the statutory language somehow. So now to make it a question, is there any case you can point us to that solves that riddle? The difficulty of there being no limiting principle once you say sexually explicit conduct is whatever the viewer would think. Your Honor, I don't have a case that I can point to. Go ahead. Are you agreeing that that's what the factor says? No. Because as I read it, it says whether the visual depiction is intended or designed to elicit a sexual response in the viewer. So just because the viewer evidences some or expresses some sexual response, that's not necessarily what this factor encompasses, is it? No, Your Honor. It's whether it was designed to create that response. Or intended to do that. And as regards to this case, is it appropriate to consider all of these e-mails where he expresses what he hopes these photographs do? Yes, Your Honor. I do believe that it would be appropriate to consider that in regards to what the defendant was intending to do by him zooming in and cropping these images and then trading them for others in order to get more child pornography. I have a – that's where I have a problem. So you could have just an innocent photo of a child with a bikini on, but if you had a lot of e-mails saying, boy, I'd like to do this with that girl, then suddenly that's a 2251 offense because in the state of mind of the producer? No, Your Honor. In regards to that, I don't believe the other factors would – So you have to have the others plus that one. Yes, Your Honor. You have to have a genital depiction, and then you can bring in any context that shows that this was a lascivious – okay. Yes, Your Honor. I think lascivious modifies sexually explicit conduct. I don't see how it modifies the intent of the producer. But we may be afield, and this is what our court has wrestled with. Yes, Your Honor. And again, I do believe it is also very fact-specific. So in regards to the court saying, well, if the government is planning on proceeding on all these other cases, it would really be down to looking at the pictures themselves, the visual depictions, and then looking at all the factors plus, when you get down to the sixth factor, the contextual evidence to prove that up. For those reasons, Your Honor, the government does believe that the depictions that are outlined by Judge Ellison do in fact constitute child pornography, and we're asking this court to affirm the conviction as well as the judgment in this case. Thank you. Thank you, counsel. Rebuttal. Your Honor's focused on one of the questions that I think is difficult, and we're asking, is there a circuit split anywhere on these issues? And I cited the case from the First Circuit of McKelvey, United States v. McKelvey, where the First Circuit held that where some camp counselors up in the northeast, who were obviously sexually interested in children, took photographs of young boys skinny dipping at a camp, the First Circuit held that that fell far short of the legal definition of child pornography and was squarely within the protection of the First Amendment. Even though it was nudity, even though they were minors, and even though the persons taking the pictures had indicia of sexual interest in children. So I think the court's struggling with looking at the intent of the viewer is problematic because that's not an element of the offense. It's just not in the offense. It's not the statute as written by Congress. Why isn't it literally using a minor to depict? But it has to be use of the minor to engaging in sexually explicit conduct, which is those sexual acts. Skinny dipping is not a sexual act. Getting on and off the toilet, getting dressed and undressed is not a sexual act. If someone were taking pictures of children running on the beach that obviously are not sexual in nature, that are the kind of pictures that many parents take of their kids, and then cropped those images to focus on the generals, would that turn that conduct, which is innocent conduct, not sexually abusive conduct, into a crime? And I think that's why grounding the statute as the way it's written by Congress, requiring the children engaging in sexual conduct, that's what Ferber focused on when he took this area outside of the First Amendment, that there has to be sexual abuse. Now there may be privacy invasions here, and he is probably subject to prosecution under a state statute for that type of privacy invasion, but I don't believe he's subject to prosecution under this 2251 statute, the way it's defined by Congress. Now I'm looking at McKelvey, thanks to our super fast iPads, and it says the depiction was sexually explicit conduct, it's just there weren't three images of it. Well, I may have misquoted from that, Your Honor. I don't have it here in front of me right now, but I do remember that there was, I believe there was a finding in that court that there were young boys, photographs of young boys skinny dipping, and that fell far short of the quote that I have, was that it fell far short of the legal definition of child pornography. And I could be wrong about that, but I don't believe I am. I don't have it at my fingertips right now. But I don't think it distracts from the plain language of the statute, which requires, it's that list of sexual conduct. Obviously intercourse, the other ones, bestiality, they're obviously sexual conduct. And if you looked at images of child pornography, such as I saw in this case, some of those images clearly are those sexual acts. When you have a minor engaging in intercourse or engaging in the other conduct, clearly it's a sexual act. But when they are, I think what Congress is getting at in the statute and the prohibitions in 2251 is when you're posing the minor to exhibit their genitals, that's a form of sexual act. And it's a sexual abuse. That's why it was made illegal by the statute. And I believe that's the point. Roberts. It's an argument, but in Steen I'm quoting, a minor may be used to engage in sexually explicit conduct without his or her knowledge. I know that's what Steen says, Your Honor. And I believe if they're posed and they're unwittingly being filmed engaging in sexual conduct, for example, teenagers, and you have a camera that catches them engaging in sexual conduct, would that be child pornography? I believe absolutely so. But there they're engaging in sexual conduct. Judge Ellison found that the minors that were filmed here were engaging in. Do you remember the facts of Steen? I do, Your Honor. It was the girl was getting in and out of the tanning salon. She didn't know. She had no idea. And this fellow was a local citizen and doesn't have a criminal record, and he was meeting with the camera up over and took these pictures. When she came out, she realized what had happened. She got very, very upset, understandably so. And he was prosecuted for that. Now, she didn't know. She was not a participant in that at all. Quite the contrary. She was very upset and the prosecutor resisted in having this man prosecuted. I know, Your Honor. The videos in this case are really it's children getting on and off the toilet, getting in and out of the shower, dressing and undressing. That's the limit of what was filmed here. That's the conduct that was engaged. All she was doing was going and undressing to get in the tanning booth and getting out of that. I know the facts of this case and the conduct is distasteful, Your Honor, but that's not. Steen may be wrong, but that's what we held. I mean, I understand that. It's a difficult statute. It's a difficult statute, Your Honor, but I think if you focus on the plain language of the statute, it becomes clearer but without having to engage into the dust factors, which only apply to whether the exhibition is lascivious. Thank you, counsel. Your time has expired. Thank you.